**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

VIRGINIA GOLLIHUE, as Personal
Representative of the Estate of
Manuel Gollihue,

        Plaintiff,

vs.                                                   Case No. 3:09-cv-10530-J-37JBT

R.J. REYNOLDS TOBACCO COMPANY, *et al.*,

        Defendant.
_____/

## ORDER

This cause is before the Court on the following:

1. Defendants' Emergency Motion for Leave to Take Deposition of Lois Slone ("Motion") (Doc. 85);

2. Plaintiff's Opposition to Defendants' Emergency Motion for Leave to Take Deposition of Lois Slone ("Opposition") (Doc. 93);

3. The magistrate judge's January 27, 2012 Order granting Defendants' Emergency Motion for Leave to Take Deposition of Lois Slone (Doc. 94); and

4. Plaintiff's Objection to and Request to Stay Jan. 27, 2012 Order Granting Defendants' Emergency Motion for Leave to Take Deposition of Lois Slone ("Objection") (Doc. 95).

On January 27, 2012, the magistrate judge entered an Order granting Defendants leave to take the deposition of a trial witness listed on Plaintiff's "will likely be called" list. (Doc. 94.) Plaintiff now requests that the magistrate judge's order be set aside. (Doc. 95 at 1.) The magistrate judge found that there was good cause to modify the case

management and scheduling order, and that Federal Rule of Civil Procedure 26(b)(2) did not require the court to deny the discovery request. *See* Fed. R. Civ. P. 26(b)(2)(C). Plaintiff argues that the magistrate judge's order is "clearly erroneous and contrary to the law." (*Id.*)

A district court reviews an objection to a nondispositive order of a magistrate judge to determine whether the order was clearly erroneous or contrary to the law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "Clear error is a highly deferential standard of review." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir.2005) (citation omitted). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (citations and quotations omitted). Further, a magistrate judge is given broad discretion in issuing nondispositive pretrial orders related to discovery. *See Tracy P. v. Sarasota Cnty.*, No. 8:05–CV–927, 2007 WL 1364381, at *2 (M.D.Fla. May 9, 2007); see also Local Rule 6.01(c)(18) (authorizing magistrate judges to supervise and determine pretrial proceedings and motions in civil cases, including discovery motions).

The magistrate judge applied the correct standards in permitting Defendants to exceed the ten-deposition limit set forth in the Second Amended Case Management and Scheduling Order ("CMSO") and Federal Rule of Civil Procedure 30(a)(2). In light of the circumstances of this case, the magistrate judge found good cause exists to modify the CMSO. (Doc. 94 at 3.) Additionally, the magistrate judge determined, pursuant to 26(b)(2)(C), that the requested deposition could proceed. This Court finds that the magistrate judge's decision to allow a limited, two-hour deposition of a witness that will

likely be called at trial, was neither clearly erroneous nor contrary to the law.

## CONCLUSION

Accordingly it is **ORDERED**:

Plaintiff's Objection (Doc. 95) is **OVERRULED** and the January 27, 2012 Order of the magistrate judge granting Defendants' Emergency Motion for Leave to Take Deposition of Lois Slone (Doc. 94) is **AFFIRMED** .

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on January 30, 2012.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record